# **Exhibit 2**

Second Snavely Declaration

Combined Reply in Support of Plaintiff's Motion for a Preliminary Injunction and Opposition to Defendants' Motion to Dismiss

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| ASSOCIATION OF AMERICAN PHYSICIANS & SURGEONS, <br><br> Plaintiff, <br><br> v. <br><br> FOOD & DRUG ADMINISTRATION; DR. STEPHEN M. HAHN, Commissioner of Food & Drugs, in his official capacity; BIOMEDICAL ADVANCED RESEARCH & DEVELOPMENT AUTHORITY; GARY L. DISBROW, Ph.D., Acting Director, Biomedical Advanced Research & Development Authority, in his official capacity; DEPARTMENT OF HEALTH & HUMAN SERVICES; and ALEX AZAR, Secretary of Health & Human Services, in his official capacity, <br><br> Defendants. | No. 1:20-cv-00493-RJJ-SJB <br><br> Hon. Robert J. Jonker <br><br> Mag. Sally J. Berens |

## SECOND DECLARATION BY JEREMY SNAVELY

I, Jeremy Snavely, hereby declare that:

1. I am over the age of 21 years and competent to make this declaration pursuant to 28 U.S.C. § 1746. I have not been convicted of a felony or a crime of dishonesty.

2. I am the Business Manager and Director of Regulatory Affairs of Plaintiff Association of American Physicians & Surgeons (AAPS) in this action.

3. In those capacities with AAPS, I am familiar with AAPS's membership

and its distribution across the United States.

4. AAPS has paid members in all 50 states – as well as the District of Columbia and Puerto Rico – including without limitation practicing physicians in Oregon, Arkansas, and Michigan (*i.e.*, the states that AAPS specifically discusses in its memorandum in support of a preliminary injunction against actions and statements by the Food & Drug Administration (FDA) and others).

5. In the interval since my first declaration in this matter on June 22, 2020, AAPS has continued to hear from its physician members who have encountered problems prescribing hydroxychloroquine (HCQ) in numerous states with similar issues.

6. From a regulatory standpoint, vis-à-vis state medical and pharmacy boards, it would help AAPS's ability to advocate for removing state restrictions on the use and prescribing of HCQ if FDA withdrew – or a court ordered FDA to withdraw – FDA's statements against use of HCQ for COVID-19.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 20th day of July 2020.

_____
Jeremy Snavely